UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY LUCIBELLO,

                Plaintiff,

vs.                        Case No.  2:05-cv-268-FtM-29SPC

GREGORY  A.  COLLINS;  ANGELA  V.
COLLINS,

                Defendants.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on Defendants' Motion to Dismiss with Supporting Memorandum of Law (Doc. #12) filed on July 14, 2005.  Plaintiff filed his Opposition (Doc. #13) on July 21, 2005.

**I.**

Plaintiff's Complaint (Doc. #1), filed pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., claims that defendants maintain a rehabilitation center that does not conform to the requirements of the ADA.  Plaintiff Lucibello alleges that he is a qualified individual with a disability, that he visited the defendant's SunCoast Rehabilitation and Aquatics, and that he was "denied full, safe and equal access to the . . . property . . . due to the barriers to access which exist and its lack of compliance with the ADA."  (Doc. #1, ¶ 3). He states that he intends to return to the rehabilitation center,

but continues to be denied full and safe access due to certain enumerated barriers.

## II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

This standard applies when the Court reviews issues of standing pursuant to a motion to dismiss.  The principal purpose of standing is to ensure that the parties before the Court have a concrete interest in the outcome of the proceedings such that they can be expected to properly frame the issues.  Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994)(en banc), cert. denied, 513 U.S. 1045 (1994).  Every complaint must contain sufficient allegations

of standing, Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994), but the Complaint may be dismissed for lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okalossa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994)(citation omitted).  Standing always remains an open issue, and can be revisited under a different standard at the summary judgment stage or at trial.  Church, 30 F.3d at 1336; Harris, 20 F.3d at 1121 n.4.  This having been said, it is still plaintiff's responsibility to allege facts sufficient to establish their standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together any injury sufficient to give plaintiff standing when it has demonstrated none."  Miccosukke Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000); see also Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

In order to establish standing, a plaintiff must adequately allege, and ultimately prove, three elements: (1) that he or she has suffered an "injury-in-fact;" (2) a casual connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision.  Shotz, 256 F.3d at 1081, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed to federal court.  Vermont

Agency of Natural Res. v. United States, 529 U.S. 765, 771 (2000);

Northeastern Fla. Chapter of America v. City of Jacksonville, 508

U.S. 656, 664 (1993).

In addition, plaintiffs seeking injunctive relief lack
standing unless they allege facts giving rise to an interference
that they will suffer future discrimination by the defendant.
Shotz, 256 F.3d 1081.  "[A] party has standing to seek injunctive
relief only if the party alleges, and ultimately proves, a real and
immediate – as opposed to a merely conjectural or hypothetical –
threat of future injury."  Church, 30 F.3d at 1337; see also Bowen
v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir.
2000).

### III.

Defendant contends that plaintiff Lucibello lacks standing
because he has failed to allege facts indicating that Title III of
the ADA applies.  To state a claim under Title III of the ADA, a
plaintiff must allege that (1) he is a disabled individual; (2) he
was denied the full and equal enjoyment of the goods, services,
facilities, privileges, advantages, or accommodations of any place
of public accommodation by any person who owns leases (or leases
to), or operates a place of public accommodation, and (3) the
discrimination was by reason of such disability.  42 U.S.C.
§ 12182(a).

Here, Lucibello alleges that he is "a qualified individual
with a disability under the ADA" and that he "suffers from what

-4-

constitutes a 'qualified disability'" under the ADA (Doc. #1, ¶3), but does not present facts as to the nature of his disability. These allegations are conclusions of law, not statements of fact, and more is required by Fed. R. Civ. P. 8(a). As noted above, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n.16. Knowing at least some factual matter regarding the nature of the disability is important to determine if standing has been adequately pled. "[A] litigant must assert his own legal rights and interests and may not ordinarily rely on the rights and interests of third parties." <u>Harris</u>, 20 F.3d at 1121. A party with a disability will not have standing to challenge conditions which do not affect his or her disability. <u>E.g.</u>, <u>Steger v. Franco, Inc.</u>, 228 F.3d 889, 893 (8th Cir. 2000)(blind plaintiff lacks standing to challenge ADA violations which do not affect the blind); <u>Access Now, Inc. v. South Fla. Stadium Corp.</u>, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001)(mobility impaired plaintiffs lack standing as to ADA violations which affect blind and deaf). However, defendant's argument that plaintiff must allege the date of the visit to the restaurant in order for a complaint to be sufficient is incorrect. <u>LaGrasta v. First Union Securities, Inc.</u>, 358 F.3d 840, 845-46 (11th Cir. 2004). Accordingly, the Complaint will be dismissed, with leave to amend to identify the nature of plaintiff's disability.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #12) is **GRANTED**. If plaintiff wishes he may file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Order. If no Amended Complaint is filed, the case will be closed.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of August, 2005.

JOHN E. STEELE
United States District Judge