UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY LUCIBELLO,

        Plaintiff,

vs.  Case No. 2:05-cv-268-FtM-29SPC

GREGORY A. COLLINS; ANGELA V. COLLINS,

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss (Doc. #20), filed on September 6, 2005. Plaintiff filed a Memorandum of Law in Opposition (Doc. #21) on September 23, 2005. Defendants seek to dismiss plaintiff's Amended Complaint (Doc. #15), filed on August 9, 2005.

     The Court has previously set forth the standard for a motion to dismiss, the elements required in an Americans with Disabilities Act claim such as this, and the principles related to standing. (See Doc. #14). The Court would adopt its prior Opinion and Order as to these matters (except that "interference" on page 4 should be "inference").

     The Court finds that plaintiff as adequately plead standing as required by Shotz v. Cates, 256 F.3d 1077, 1081-82 (11th Cir. 2001). Unlike Shotz, in which plaintiff did not allege that he intended to return in the future, plaintiff has specifically alleged that he "continues to desire and intends to visit" the

location.  (Doc. #15, ¶ 11).  Plaintiff has also plead the statutory elements of the cause of action, and defendants have not cited any authority for the proposition that plaintiff must allege that the removal of barriers is "readily achievable."  In the absence of such authority, the Court will not require such an allegation.

Accordingly, it is

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2005.

_____
JOHN E. STEELE
United States District Judge