UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY LUCIBELLO,

                    Plaintiff,

vs.                                Case No.  2:05-cv-268-FtM-29SPC

GREGORY   A.   COLLINS;   ANGELA   V.
COLLINS,

                    Defendants.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on defendants' Motion to Dismiss (Doc. #52), filed March 10, 2006.  Also before the Court is plaintiff's Motion to Stay incorporated in plaintiff's Response to Defendants' Second Motion to Dismiss (Doc. #53), filed on March 15, 2006.

The Amended Complaint (Doc. #15) alleges that plaintiff is a qualified individual with a qualifying disability under the Americans with Disabilities Act.  Defendants are purported to be the owners, lessees and/or operators of the subject property where Suncoast Rehabilitation and Aquatics is located.  Plaintiff alleges that he was denied full and equal access to the property, and continues to be injured due to the existence of barriers to his full and equal access.  Plaintiff also avers that he desires and intends to return to the property.

The subject property is owned by Gregory and Angela Collins and leased to Physiotherapy Associates, Inc. pursuant to a 2000

Lease Agreement.    (Doc. #52, Affidavit).    Defendants seek to dismiss the case as the present tenant's lease is due to expire on April 30, 2006, no hold over is permitted, and the tenant's business is due to relocate.   As such, defendants state that plaintiff cannot establish an intent to return to the property and no injury-in-fact can be established because the offending tenants will have vacated the premises.  Plaintiff acknowledges that a sign is posted in the lobby indicating an intent to vacate the premises; that the premises may be leased to a bank, which will potentially gut the building; and admits that he will be unable to return once the premises is vacated.  Nonetheless, plaintiff seeks to stay the case until such time as the premises are actually vacated, and argues that a dismissal until that time would be premature.

A complaint may be dismissed for lack of standing only "if it is clear that no relief could be granted under <u>any</u> set of facts that could be proved consistent with the allegations."  <u>Jackson v. Okaloosa County, Fla.</u>, 21 F.3d 1531, 1534 (11th Cir. 1994) (citation omitted).  Standing always remains an open issue, and can be revisited under a different standard at the summary judgment stage or at trial.  <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1336 (11th Cir. 1994).   This having been said, it is still plaintiffs' responsibility to allege facts sufficient to establish their standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has

demonstrated none." <u>Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n</u>, 226 F.3d 1226, 1229-30 (11th Cir. 2000); <u>see also</u> <u>Shotz v. Cates</u>, 256 F.3d 1077, 1081 (11th Cir. 2001).

It is clear that under the federal pleading standards the Complaint is sufficient, and the motion to dismiss will be denied. It also seems clear that standing may no longer exist in a short period of time, and therefore the Court will briefly stay the time in which defendants must file an answer so that plaintiff can decide whether to file a Rule 41 dismissal if the lease in fact is not renewed and the tenant vacates the premises.

Accordingly, it is now

**ORDERED**:

1.  Defendants' Motion to Dismiss (Doc. #52) is **DENIED.**

2.  Plaintiff's Motion to Stay, incorporated in plaintiff's Response to Defendants' Second Motion to Dismiss (Doc. #53), is **GRANTED** only to the extent that defendants will not be required to file an Answer until May 12, 2006.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD